IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devatee Tymar Clinton, #317521,         ) | C/A No.: 0:12-2059-CMC-SVH |
|                                          ) | |
| Plaintiff,   ) | |
|                                          ) | |
| vs.                                      ) | |
|                                          ) | REPORT AND RECOMMENDATION |
| Lancaster County Magistrate; Lancaster   ) | |
| County Sheriff's Office; and Officer     ) | |
| Joseph Catalano,                         ) | |
|                                          ) | |
| Defendants.   ) | |
|                                          ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Kirkland Reception and Evaluation Center of the South Carolina Department of Corrections. He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

The amended complaint [Entry # 9] alleges defendant Joseph Catalano "served an arrest warrant against the plaintiff stating that he had physical evidence in his probable cause narrative, and that it was based on facts." [Entry #9-1]. Plaintiff further alleges that

the Honorable Judge D. Vecchio signed the warrant. *Id*. Judge Vecchio is the Lancaster County Magistrate named as a defendant in the amended complaint. According to the amended complaint, Plaintiff's arrest pursuant to this warrant was unlawful because there was insufficient evidence. *Id*. Plaintiff contends that Catalano employed improper procedures in his investigation and the tactics were used to frame him. [Entry #9 at 3]. Plaintiff asks this court to have his murder charge dismissed, for the Lancaster County Sheriff's Office, Catalano, and Investigator Catoe[1] to be "held accountable for their actions in the investigation of that murder case," and for a million dollars in monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

---

[1] Plaintiff failed to name "Investigator Catoe" in the caption of his Complaint or to list him as a Defendant in the "Parties" section of the Complaint.

2

25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Lancaster County Magistrate

Plaintiff's only allegation against the Lancaster County Magistrate is that he signed the warrant used to arrest Plaintiff. [Entry #9-1]. Plaintiff's claim against the Lancaster County Magistrate is barred by the doctrine of judicial immunity. The Fourth Circuit has previously addressed the doctrine of absolute judicial immunity as follows:

3

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds, Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well-established and widely-recognized. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an *immunity from suit* rather than a mere defense to liability") (emphasis in original); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"). Any action taken by the Lancaster County Magistrate in Plaintiff's case was part of the Magistrate's judicial functions as a member of the State of South Carolina's judiciary. Therefore, the undersigned recommends Plaintiff's claims against the Lancaster County Magistrate be summarily dismissed.

4

      2.      Lancaster County Sheriff's Office

The Lancaster County Sheriff's Office ("LCSO") should be dismissed because it is not a "person" subject to suit in a § 1983 civil rights action. It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the elements of a § 1983 action). Sheriff's departments in South Carolina are considered alter egos or arms of the state. *See Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C.1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), aff'd, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C.1994) (suit against the sheriff's office is suit against the state); S.C.Code § 23–13–550. As an arm of the state, LCSO is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); *see e .g., McCall v. Strickland*, C/A No. 4:11–1324–RMG–TER, 2012 WL 2428600 (D.S.C. June 1, 2012) (finding that the Spartanburg County Sheriff's Department should be dismissed as it was not a person amendable to suit under § 1983), adopted by, 2012 WL 2427889, (D.S.C. June 27, 2012). Therefore, because the LCSO is not amenable to suit pursuant to § 1983, the undersigned recommends it be dismissed.

      3.      Officer Catalano

Although Plaintiff complains about defendant Catalano's investigatory techniques, Plaintiff does not dispute that Catalano arrested him with a warrant signed by a judge. In

a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). The amended complaint thus fails to state a claim under § 1983 for violation of constitutional rights based on the allegations of false arrest, and the undersigned recommends Catalano also be dismissed.

    4.    Dismissing Charges

Plaintiff alleges irregularities in the investigation which led to the murder charge against him. Consequently, he claims that his arrest and detention are in violation of his constitutional rights. To the extent that Plaintiff wishes for this court to have his charge dismissed, it cannot do so. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc.*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court*, 526 F.2d 1331, 1336 (8th

Cir. 1975). In *Bonner*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.* In light of the foregoing, this court lacks subject matter jurisdiction over this claim and the undersigned recommends it be dismissed.

III. Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 5, 2013                               Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).